IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MICHAEL NIXON, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**ACTION STAFFING SOLUTIONS, LLC; KAMAL BHATIA; and MANSI ANAND;**<br><br>Defendants. | Civil Action No. _____<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff Michael Nixon ("Nixon"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Action Staffing Solutions, LLC ("Action Staffing"), Kamal Bhatia ("Bhatia") and Mansi Anand ("Anand") (collectively "Defendants") and shows the Court as follows:

## *Introduction*

1.

In this FLSA overtime action, Plaintiff Nixon seeks due but unpaid overtime wages under Sections 7 and 16 of the Fair Labor Standards Act (29 U.S.C. § *201 et seq.*) both on his own behalf and on behalf of other similarly situated employees and former employees of Defendants Action Staffing, Bhatia, and Anand.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all laborers who worked for Action Staffing ore related enterprises within the three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Nixon's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

4.

Nixon requests collective relief because all other Action Staffing laborers were treated in a similar manner with respect to their compensation.

*Jurisdiction and Venue*

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Action Staffing's principal place of business is located in this judicial district, Nixon resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

7.

Nixon resides in Clayton County, Georgia.

8.

At all times material hereto, Defendants have jointly operated a staffing company whose principal place of business is located at 6185 Buford Highway, E150, Norcross, Georgia 30071.

9.

Action Staffing is a limited liability company organized under the laws of the State of Georgia.

10.

Action Staffing can be served via its registered agent Mansi Anand at 4230 Suwanee Bend Drive, Suwanee, Georgia 30024.

11.

Action Staffing is subject to the personal jurisdiction of this Court.

12.

Bhatia is a resident of Gwinnett County, Georgia.

13.

Bhatia is subject to the personal jurisdiction of this Court.

14.

Bhatia can be served with process at his residence located at 4230 Suwanee Bend Drive, Suwanee, Georgia 30024 or wherever he can be found.

15.

Anand is a resident of Gwinnett County, Georgia.

16.

Anand is the organizer and registered agent of Action Staffing.

17.

Anand is subject to the personal jurisdiction of this Court.

18.

Anand can be served with process at his residence located at 4230 Suwanee Bend Drive, Suwanee, Georgia 30024 or wherever he can be found.

*Enterprise Coverage*

19.

At all times material hereto, Action Staffing has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

At all times material hereto, two or more employees of Action Staffing, including Nixon, used or handled the following items that moved in interstate commerce that are necessary for performing Action Staffing's commercial purpose: Foodstuffs, kitchen equipment, chairs, tables, paper products, uniforms, computers, and office equipment.

21.

In 2014, Action Staffing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

In 2015, Action Staffing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

In 2016, Action Staffing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Action Staffing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2015, Action Staffing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2016, Action Staffing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Action Staffing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Action Staffing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Action Staffing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Action Staffing has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

*Statutory Employer Allegations*

31.

Nixon worked for Action Staffing as a laborer from approximately August 24, 2015 through April 2016 (hereinafter "the Relevant Time Period")

32.

During the Relevant Time Period, Action Staffing was an "employer" of Nixon as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33.

At all times material hereto Nixon was an "employee" of Action Staffing as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

34.

Bhatia hired Nixon on behalf of Action Staffing.

35.

At all times material hereto, Bhatia exercised control over the work activities of Nixon.

36.

At all times material hereto, Bhatia was involved in the day-to-day operation of Action Staffing.

37.

At all times material hereto, Action Staffing vested Bhatia with supervisory authority over Nixon.

38.

At all times material hereto, Bhatia exercised supervisory authority over Nixon.

39.

At all times material hereto, Bhatia scheduled Nixon's working hours or supervised the scheduling of Nixon's working hours.

40.

At all times material hereto, Bhatia exercised authority and supervision over Nixon's compensation.

41.

At all times material hereto, Bhatia was an "employer" of Nixon as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

42.

At all times material hereto, Nixon was an "employee" of Bhatia as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

At all times material hereto, Anand exercised control over the work activities of Nixon.

44.

At all times material hereto, Anand was involved in the day-to-day operation of Action Staffing.

45.

At all times material hereto, Action Staffing vested Anand with supervisory authority over Nixon.

46.

At all times material hereto, Anand exercised supervisory authority over Nixon.

47.

At all times material hereto, Anand scheduled Nixon's working hours or supervised the scheduling of Nixon's working hours.

48.

At all times material hereto, Anand exercised authority and supervision over Nixon's compensation.

49.

At all times material hereto, Anand was an "employer" of Nixon as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

50.

At all times material hereto, Nixon was an "employee" of Anand as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

*Factual Allegations*

51.

During the Relevant Time Period, Nixon was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

52.

During the Relevant Time Period, Action Staffing did not employ Nixon in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

53.

During the Relevant Time Period, Action Staffing did not employ Nixon in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

54.

During the Relevant Time Period, Action Staffing did not employ Nixon in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

55.

During the Relevant Time Period, Action Staffing did not employ Nixon in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

56.

During the Relevant Time Period, Nixon was paid on an hourly basis.

57.

During the Relevant Time Period, Defendants compensated at a rate of $12.00 per hour.

58.

During the Relevant Time Period, Defendants assigned Nixon to work at the Crown Plaza Hotel located at 4355 Ashford Dunwoody Road, Dunwoody, Georgia 30346.

59.

During the Relevant Time Period, Nixon and all other Action Staffing laborers regularly worked more than 40 hours per week while assigned to work at the Crown Plaza Hotel.

60.

During the Relevant Time Period, Nixon regularly worked 40-45 hours during each work week.

61.

During the Relevant Time Period, Defendants paid Nixon and all other Action Staffing laborers their normal hourly rate, without an overtime premium, for all hours he worked.

62.

During the Relevant Time Period, Defendant Bhatia advised Nixon that Defendants simply did not pay overtime wages.

63.

During the Relevant Time Period, Defendant Bhatia advised Nixon that Defendants did not make payroll tax deductions from employees' pay unless the employee requested those deductions.

64.

During each applicable pay period, Defendants failed to pay their laborers, including Nixon, one-and-one-half times their regular rate for work performed in excess of 40 hours in a single workweek.

## COUNT I — FAILURE TO PAY OVERTIME

65.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

66.

During the Relevant Time Period, Nixon was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

67.

During his employment with Defendants, Nixon regularly worked in excess of 40 hours each week.

68.

Defendants failed to pay Nixon at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

69.

Nixon is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Nixon is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Nixon is entitled to his litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II – COLLECTIVE ACTION ALLEGATIONS

72.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

73.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all laborers who worked for Action Staffing and other "enterprises" as defined by the FLSA.

74.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all Action Staffing laborers in the same manner as alleged above with respect to Nixon.

75.

All laborers who have worked for Defendants in all their "enterprises" within the three years prior to the filing of this action are "similarly situated" to Nixon within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

76.

Pursuant to 29 U.S.C. § 201 *et seq.,* Defendants are liable to all individuals similarly situated to Nixon for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

77.

On information and belief, Defendants have a number of other corporations that are related enterprises within the meaning of the FLSA including Action Tech Staffing, LLC, Action Hospitality Events, Inc., and Hospitality & Culinary Staffing, LLC.

78.

The proposed collective of individuals similarly situated to Nixon should be defined as "All non-exempt classified individuals who were employed by Action

Staffing Solutions, LLC, or related enterprises, at any time from three years prior to the filing of this lawsuit through the present who have not received overtime premium compensation for hours worked above forty a single workweek."

79.

All such individuals similarly situated to Nixon would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

80.

All such individuals similarly situated to Nixon are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime wages due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants;

4. That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiff, allowing all such similarly situated individuals to file their written consent to join this action as Plaintiff;

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DeLong Caldwell Bridgers
Fitzpatrick & Benjamin, LLC

*/s/Charles R. Bridgers*

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

Charles R. Bridgers
Ga. Bar No. 080791
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiff