IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



ORIGINAL

| | |
|---|---|
| MICHAEL NIXON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>ACTION STAFFING SOLUTIONS, LLC; KAMAL BHATIA; and MANSI ANAND;<br><br>       Defendants. | Civil Action No1:17-cv-000791-RWS |

## AGREEMENT AND RELEASE OF CLAIMS FOR UNPAID WAGES

### 1. Parties and Released Parties:

This document sets forth the terms and conditions of the Agreement and Release of Claims for Unpaid Wages (hereinafter "Agreement") by and between Michael Nixon ("the Releasor") and Action Staffing Solutions, LLC, Kamal Bhatia and Mansi Anand (collectively "the Defendants"). The term "Releasees" as used herein shall be defined as the Defendants, and all of their corporate parents, subsidiaries, divisions, affiliates and franchisors and their current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

### 2. Payment and Consideration

A.     Defendants agree that it shall pay to the Releasor a total payment of $8,600.00, in equal monthly installments of $200.00, representing $1,800.00 in backpay; $1,800.00 in liquidated damages and $5,000.00 in attorneys' fees and costs of litigation.

      B.    Installment payments shall begin on the first day of the first month after the date of Court Approval of this document, and shall continue on the first day of each of the next 42 months.

      C.    If payment is not made when due, the entire remaining balance shall be due, except that Releasor's counsel shall first provide notice of default and Defendants shall have ten days to cure default.

      D.    The Releasor and his counsel acknowledge and agree that provision of W9 forms by the Releasor and the Releasor's counsel is required to process the liquidated damages payments and attorneys' fee payments and no such payments for liquidated damages or attorneys' fees will be due until Defendants (through their counsel) have received such forms.

      E.    The parties recognize that the Releasor has filed a Complaint in the above-referenced action and that the parties intend to promptly file a Joint Motion for Court Review and Approval of Settlement Agreement. The Releasor and his counsel acknowledge and agrees that, in the event that the Court denies the parties' Joint Motion and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 45 days of the Court's Order denying the Joint Motion, the Releasor and his counsel agree that any settlement is null and void.

### 3. Release of Claims for Unpaid Wages:

      A.    For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor do knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever in law or in equity, whether known or unknown, that the Releasor ever had, now have, or may or might in the future have against the Releasees based on, arising out of or related to claims for unpaid wages or compensation by the Releasor, including those claims related to the claims asserted in Civil Action File No.1:17-cv-791-RWS  Nothing in this Agreement shall be interpreted as a release of any claims by Releasor against Releasees except for those claims asserting or alleging unpaid wages or compensation for hours worked.

      B.    It is further understood and agreed that this Agreement and the payment(s) made hereunder constitute full and final satisfaction of all claims of every nature, direct or indirect, against all persons or entities, including those who

are or might be held to be joint and/or successor employers with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to, the claims set forth in this Agreement.

4. **<u>Knowing and Voluntary Waiver and Release</u>:**

    A.    It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of the Releasor's claims.

    B.    The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

    C.    The Releasor attests, certifies, represents, and warrants to Defendants that the Releasor is legally competent to execute this Agreement and that the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, that the Releasor has or may have by reason of the claims released herein.

5. **<u>Right to Retain Advisor or Counsel</u>:**

    A.    It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement.

    B.    Any notice required to the Releasor pursuant to this Agreement shall be satisfied by written or electronic notice to the Releasor's Attorney at:

> Kevin D. Fitzpatrick, Jr., Esq.
> Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
> 3100 Centennial Tower
> 101 Marietta Street
> Atlanta, GA  30303
> kevin.fitzpatrick@dcbflegal.com

C.     Any notice required to Defendants pursuant to this Agreement shall be provided to the below-named representative of Defendants by certified mail, return receipt requested:

> Kamal Bhatia
> 4230 Suwanee Bend Drive
> Suwanee, GA 30024
> actionstaffing@bellsouth.net

6. **Entire Agreement:**

A.     This Agreement constitutes the entire agreement between the Releasor and Defendants pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations, and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of Defendants.

B.     In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

7. **Effective Date:**

The Releasor acknowledges that, upon execution of this Agreement, the Agreement will be binding upon the Releasor and the Defendants and is irrevocable.

8. **Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns.

9. **Non-Admission:**

The Releasor acknowledge that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation, or order of any kind.

**10.   Miscellaneous:**

  A. The Releasor acknowledges that the Releasor had reasonable and sufficient time to consider whether or not the Releasor desires to enter into this Agreement and that any decision by the Releasor to execute this Agreement prior to that time is a knowing and voluntary decision.

  B. The Releasor acknowledges that, by signing this Agreement, the Releasor is giving up rights the Releasor has. The Releasor acknowledges that the Releasor does not have to sign this Agreement.

  C. In the event of a breach of any of the terms of the Agreement by any party or parties hereto, the prevailing party or parties shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees.

  D. The Releasor agrees to pay federal or state taxes, if any, that are required by law to be paid with respect to this settlement. The Releasor further agree to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against Defendants or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained Defendants or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise. As further consideration for the payment herein, the Releasor hereby agree to protect and hold harmless the Releasees against any claims for subrogation or liens of any nature arising out of the matters described herein and/or resulting injuries and/or damages, including, but not limited to, a Medicare lien. Should any person or entity (including, but not limited to, any insurer, reinsurer, health care provider, or health insurance provider of the Releasor and/or Medicare) make such a claim against the Releasees for any such damages, the Releasor hereby agrees to defend, indemnify, and hold harmless the Releasees from any and all such claims, liens, charges, fees, costs, interest, and other sums.

  E. The Releasor acknowledges that neither Defendants nor their attorneys

make any representation as to the tax consequences, if any, of the provisions of this Agreement.

F.  This Agreement may be executed in multiple counterparts, and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or electronic signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasor and the below representative of Defendants set their hand and seal.

THE RELEASOR

_____
Michael Nixon

05-05-2017
_____
Date

DEFENDANTS

_____
Kamal Bhatia, Individually and on behalf of Action Staffing Solutions, LLC

05-03-2017
_____
Date

_____
Mansi Bhatia

05/03/17
_____
Date